**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division**

**STERLING LINDSAY, et al.,**

> *Plaintiffs*,

> v.                                        **Civil Action No. 8:15-cv-01031-PWG**

**RUSHMORE LOAN
MANAGEMENT SERVICES, LLC**

> *Defendant.*

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS'
AMENDED COMPLAINT**

COME NOW, Plaintiffs Sterling Lindsay and Rachel Lindsay, by counsel, and file this

Opposition to Defendant Rushmore Loan Management Services, LLC's Motion to Dismiss

Plaintiffs' Amended Complaint.  Defendant Rushmore seeks to dismiss the following claims:

Count I (Violation of the Real Estate Settlement Procedures Act (RESPA)), Count II (Violation

of the Fair Debt Collection Practices Act (FDCPA)), and Count III (Violation of the Maryland

Consumer Debt Collection Act (MCDCA)).  Plaintiffs respectfully submit the following:

**STANDARD OF REVIEW**

The purpose of a Rule 12(b)(6) motion is to "test the sufficiency of a complaint."

*Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).  This inquiry

does not require the court to accept as true the legal conclusions set forth in plaintiff's complaint.

*Edwards v. City of Goldsboro*, 173 F.3d 231, 244 (4th Cir. 1999).  Therefore, "threadbare recitals

of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Nor is it required of the court to accept unwarranted

inferences, unreasonable conclusions, or arguments as true.  *E. Shore Mrkts., Inc. v. J.D. Assocs.

Ltd P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

Because only the legal sufficiency of the complaint, and not the facts in support of it, are tested under a Rule 12(b)(6) motion, the court will assume as true "all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Conley v. Gibson*, 355 U.S. 41, 44-46, 78 S.Ct 99, 2 L.Ed.2d 80 (1957).   The factual content contained in the complaint must allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678.   Therefore, the factual matters, accepted as true, must sufficiently state a claim for relief that is plausible on its face. *Id*. (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   In this case, Plaintiffs' complaint is factually sufficient, and the facts, accepted as true, sufficiently state a claim for relief that is plausible on its face.

## ARGUMENT

### I.   PLAINTIFFS' RESPA CLAIM SUFFICIENTLY ALLEGES ACTUAL DAMAGES.

The crux of Rushmore's argument is that, because Plaintiffs did not allege actual damages, their RESPA claim should be dismissed.   However, Plaintiffs' Amended Complaint sufficiently alleges actual damages, including emotional distress, damage to credit, and the attorney's fees incurred, not only for the pursuit of this action, but also for the hiring of an attorney to file motion to stay the foreclosure sale.

Rushmore avers that Plaintiffs were not damaged by the February 5, 2015 foreclosure sale as it was ultimately cancelled.   Rushmore conveniently omits that the foreclosure sale was not voluntarily cancelled.   The February 5, 2015 foreclosure sale was postponed because Plaintiffs hired counsel to file a motion to stay the foreclosure sale in the Circuit Court for Charles County, Maryland.   On February 3, 2015, the Circuit Court heard Plaintiffs' motion and,

finding that a RESPA violation had occurred, granted the request for stay.  **Exhibit L.**[1]  Indeed, to pursue this motion to stay, Plaintiffs had to hire counsel and pay attorneys fees, which is contemplated in their Amended Complaint.

Actual damages are also identifiable in Plaintiffs' described emotional distress.  The emotional distress arising out of the unexpected threat of foreclosure is one that is tangible and apparent from Plaintiffs' Amended Complaint.  Courts have held that emotional distress can be a form of actual damages for the purposes of a RESPA claim under 12 U.S.C. §2605.  *See, e.g. Carter v. Countrywide Home Loans, Inc.,* No. 3:07CV651, 2009 WL 1010851, at *5 (E.D.Va. Apr. 14, 2009) *(*holding that emotional distress damages are recoverable under RESPA) and *Paz v. Seterus, Inc.,* No. 14-62513-CIV, 2009 WL 4389521 (S.D. Fl. July 15, 2015) (holding that the allegation emotional distress was a sufficient claim for actual damages). *See, generally,* Pls. Am. Compl.

Further, Plaintiffs have established a pattern and practice of Rushmore's consistent noncompliance with RESPA, which is sufficient to state a claim for statutory damages. *See Ayres v. Ocwen Loan Servicing, LLC,* No. 13-1597, 2015 WL 5286677 (D. Md. Sept. 8, 2015). As such, Plaintiffs' RESPA claim should survive.

## II. DEFENDANT RUSHMORE IS A DEBT COLLECTOR BECAUSE IT IS COLLECTING THE DEBT ON BEHALF OF ANOTHER, AND, THEREFORE, IT IS SUBJECT TO THE FDCPA.

Rushmore takes the position it is not a debt collector because it is "the holder of the note and the servicer of the loan at issue," Defs. Memo. in Supp. of Mot. To Dismiss, 8, and, as a result, Rushmore believes it is not subject to the Fair Debt Collection Practices Act.  Plaintiffs disagree with this contention, as Rushmore is very clearly a debt collector.

### A.  Rushmore is not the holder of the note.

---

[1] New exhibits identified in this motion are a continuation of the exhibits from Plaintiffs' Amended Complaint.

In an effort to qualify as an exempted creditor under the FDCPA, Rushmore now claims that it is the holder of the note. The FDCPA exempts "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was originated by such person." 15 U.S.C. § 1692a(6)(F)(ii). Plaintiffs' Amended Complaint makes it clear that Rushmore was acting to collect a debt owed or asserted to be owed or due to another. Nowhere in Plaintiffs' Amended Complaint do Plaintiffs allege the loan in question was originated by Rushmore, nor that Rushmore is the owner or creditor for the subject loan. Plaintiffs properly allege that Rushmore was seeking to collect the debt in its capacity solely as a loan servicer, on behalf of another party.

The documents attached to Plaintiffs' Amended Complaint confirm that Rushmore is not collecting the debt on behalf of itself. In **Exhibit E** of Plaintiffs' Amended Complaint, the May 6, 2010 Consent Order Modifying the Automatic Stay, indicates that Random Properties Acquisition Corp III is the creditor. In **Exhibit G** of Plaintiffs' Amended Complaint, Rushmore identifies itself as the "Loan Servicer" and identifies "RBS Financial Products Inc." as the "Secured Party." Rushmore is specifically identified as the "Loan Servicer (if different from Secured Party." In **Exhibit K**, p.3, the cover letter to Rushmore's response to the Qualified Written Request identifies "Random Properties Acquisition Corp III" as the "current owner of the Note." Additionally, in **Exhibit K**, p.52, in a letter sent to Plaintiffs by Rushmore when the loan servicing was transferred to Rushmore, Rushmore identifies "RBS Financial Products Inc." as the "current creditor." It is indisputable that Rushmore was collecting the debt on behalf of another party – whether it be RBS Financial Products, Inc. or Random Properties Acquisition Corp III. In all of the documentation, it is clear Rushmore was *not* collecting the debt on behalf of itself, nor did Rushmore originate the loan. Therefore, Rushmore's argument that it is exempt

from the FDCPA cannot be sustained.

The case law Rushmore relies on is inapposite.  Rushmore relies *Edmond v. American Educ. Services*, No. 10-cv-578, 2010 WL 4269129 (D.D.C. Oct. 28, 2010), in which the Court held that the plaintiff's FDCPA claim failed because the debt was not alleged to be in default when the purported debt collector sought to collect the debt. *Edmond at *5.*  In *Flores v. Deutsche Bank Nat'l Trust Co*., No. 10-0217, 2010 WL 2719849 (D. Md. Jul. 7, 2010), the Court dismissed the FDCPA claim because the Plaintiffs improperly pled the claim and failed to meet the statutory definition of a debt collector under the FDCPA. *Flores* at 6.  The Court held similarly in *Scott v. Wells Fargo Home Mortg., Inc*., 326 F. Supp. 2d 709, 718 (E.D.Va. 2003), where it was determined that the claim was not properly pled and did not allege that the debt was in default when acquired by the purported debt collector.

As it is not the holder of the Note, and it acquired servicing of the loan after it was declared to be in default, Rushmore is subject to the FDCPA because it acquired Plaintiffs' mortgage servicing after Plaintiffs' mortgage was declared to be in default. Pls. Am. Compl., ¶52-54. As such, Plaintiffs' FDCPA claim should proceed.

### III.     PLAINTIFFS' AMENDED COMPLAINT SUFFICIENTLY ALLEGES THAT RUSHMORE ACTED WITH ACTUAL KNOWLEDGE AND/OR RECKLESS DISREGARD IN VIOLATION OF THE MCDCA.

Rushmore argues that Plaintiffs' Amended Complaint does not establish that Rushmore acted with reckless disregard when seeking to enforce the subject loan and providing false information to Plaintiffs.  Plaintiffs disagree with this notion, as there is ample information the Amended Complaint to support an MCDCA claim and that Rushmore acted with actual knowledge and/or reckless disregard.

Section 14-202 of the Commercial Law Article states that a debt collector may not

"[d]isclose or threaten to disclose information which affects the debtor's reputation for credit worthiness with knowledge that the information is false," Md. Code, Comm. Law §14-202(3), or "[c]laim, attempt, or threaten to enforce a right with knowledge that the right does not exist." §14-202(8).  Plaintiffs Amended Complaint supports both violations.

### A.  Violation of §14-202(3)

Plaintiffs' Amended Complaint thoroughly describes how Rushmore disseminated inaccurate information regarding the date of default and amount due by Plaintiffs.  It is indisputable that Rushmore must have known that the information being disseminated by Rushmore was incorrect.  Rushmore advised Plaintiffs they owed $100,656.57, and that their date off default was May 2, 2011. Pls. Am. Compl. ¶56, **Exhibit G**.  A review of the bankruptcy court case was all Rushmore had to do to ensure it had the accurate figures and accurate default date.  Plaintiffs had a pending consent order, and the date of default was declared on August 1, 2012.  Further, it was clear how much was owed at the time the default was declared. Pls. Am. Compl. ¶52, **Exhibit F**.  Rushmore subsequently filed an order to docket in the Circuit Court for Charles County, in which the same Notice of Intent to Foreclose was attached.  As such, Plaintiffs' claim under this provision should survive.

### B.  Violation of §14-202(8)

A debt collector "may not attempt to enforce a right with actual knowledge or with reckless disregard as to the falsity of the existence of the right." *Allen v. Bank of Am., N.A.,* 933 F. Supp. 2d 716, 729 (D. Md. 2013) (internal citations omitted).  Plaintiffs' claim that Rushmore violated §14-202(8) arises out of the fact that Rushmore represented on multiple occasions that is was enforcing the debt on behalf of different parties, and did so in such a sequence that Rushmore had to have known the information was false:

i.   May 6, 2010 Consent Order: Random Properties Acquisition Corp III is identified the creditor in the Bankruptcy Court. **Exhibit E.**

ii.   August 12, 2012:  In a letter sent to Plaintiffs by Rushmore when the loan servicing was transferred to Rushmore, Rushmore identifies "RBS Financial Products Inc." as the "current creditor." **Exhibit K**, p.52.

iii.   December 11, 2013: Rushmore identifies "RBS Financial Products Inc." as the "Secured Party." **Exhibit G.**

iv.   June 12, 2015: Rushmore identifies "Random Properties Acquisition Corp III" as the "current owner of the Note." **Exhibit K**, p.3.

Rushmore is its own culprit as it sent out information related to different secured parties, and sought to enforce the debt on behalf of a party that had no authority to enforce the debt.  It is disingenuous for Rushmore to claim that it sent out such false information without knowing it did so.  It had to have a) actual knowledge, as it sent out the notices, or b) acted so recklessly that it did not check its own records to know whether it was sending out incorrect information as to who had the right to collect the debt.  As such, Plaintiffs have sufficiently pled a violation of §14-202(8).

### C.   The Scope of Plaintiffs' MCDCA Claim

Plaintiffs note that their claim under the MCDCA has only to do with Rushmore's actions in sending Plaintiffs correspondence with false information.  Rushmore argues that "Defendant's denial of loss mitigation request is not a basis for violation of MCDCA... [and] to the extent that Plaintiffs are arguing that the alleged RESPA violation is somehow a violation of MCDCA, there is no legal support for such conclusion...."  Defendants' Memo., 11.  Plaintiffs did not and do not maintain that the violations of RESPA and faulty loss mitigation reviews are violations of the

MCDCA.

## CONCLUSION

Plaintiffs respectfully request that this Honorable Court deny Defendant Rushmore's Motion to Dismiss Plaintiffs' Amended Complaint.

DATED:  October 7, 2015

<div style="margin-left: 40%;">

Respectfully submitted,

**STERLING LINDSAY**
**RACHEL LINDSAY**

By:  \_\_\_\_\_/s/ Shikha Parikh_____
     Shikha Parikh, No. 18517
     PARADIGM LAW, P.L.C.
     10615 Judicial Drive, Suite 403
     Fairfax, Virginia 22030
     Telephone:  (703) 651-6811
     Facsimile:  (703) 563-9199
     *Counsel for Plaintiffs*

</div>

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 7th day of October, 2015, I electronically filed the foregoing document with the Clerk of the Court, using the CM/ECF system, which will then send a notification of such filing (NEF) to registered parties, and a copy was sent to non-registered parties via first-class mail, postage prepaid.

By: _____ /s/ Shikha Parikh _____
Shikha Parikh, No. 18517
PARADIGM LAW, P.L.C.
10615 Judicial Drive, Suite 403
Fairfax, Virginia 22030
Telephone:  (703) 651-6811
Facsimile:  (703) 563-9199
*Counsel for Plaintiffs*