IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

| | |
|---|---|
| STERLING LINDSAY, et al. | ) |
| | ) |
| Plaintiffs, | ) Case No.: 8:15-cv-1031-PWG |
| | ) |
| v. | ) |
| | ) |
| RUSHMORE LOAN MANAGEMENT SERVICES, LLC. | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT, RUSHMORE LOAN MANAGEMENT SERVICES, LLC'S, RESPONSE TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

COMES NOW Defendant, Rushmore Loan Management Services, LLC, ("Defendant") by and through its undersigned counsel, hereby files this response to Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiffs', Sterling Lindsay and Rachel Lindsay ("The Plaintiffs"), Amended Complaint and states as follows:

1. Plaintiff erroneously states that the foreclosure sale set for February 5, 2015, was not voluntarily cancelled because the foreclosure sale was voluntarily cancelled as a result of the consent order filed.

2. Plaintiff did not allege a claim for emotional distress and therefore cannot now argue damages under emotional distress if such cause of action is not pled in the Amended Complaint.

3. Plaintiff erroneously concludes without any support that Defendant is not the holder of the Note which contradicts the Affidavit of Note of Ownership and the Affidavit of Debt and Right to Foreclose attached to the foreclosure docket and Defendant's Motion to

Dismiss.  A true and correct copy of each Affidavit is attached respectively as Exhibit B and Exhibit C to Defendant's Motion to Dismiss.

4. Plaintiff's argument that the amount of default is inaccurate or confusing based upon Exhibits G and F of its' Amended Complaint is a red herring because both those documents show different dates in different proceedings which obviously should contain different figures.  The Notice of Intent to Foreclose in Exhibit G is dated December 11, 2013, and the default letter in Exhibit F is dated August 1, 2012.  The fact that the amounts are different is not only logical but is not sufficient to support the Defendant's alleged misrepresentation under MDCDA.

5. Plaintiff's argument that the creditor and/or servicer changed from May 6, 2010, to June 12, 2015, is also insufficient to show any alleged violation, because there is no regulation indicating that the creditor and servicer cannot change.  Changes of mortgage loan creditors are not only allowed but are customary.  The fact that the creditors and servicers changed is not a basis to maintain an MDCDA violation complaint.  Most importantly, assuming that if there was any inaccurate information based upon the servicer or creditor identification, Plaintiff failed to allege any damages based upon the alleged false information.  Plaintiff failed to identify any facts to show that she relied on the alleged false information whether it be the amount owed or the identification of the correct creditor that caused her damages.  There was no allegation in the Complaint that Plaintiff made an incorrect payment to an incorrect party based upon any incorrect information.

6. The undisputed fact is that Plaintiff failed to make her mortgage payments since 2011. The only damages which Plaintiff is claiming is having to pay an attorney to defend the foreclosure case and file this complaint.  However, there is no support under the facts or law that attorneys fees alone based upon speculative claims are sufficient damages.  Furthermore,

Plaintiff's speculation that Defendant would not enter into a consent order to stay the February sale based upon loan modification efforts without forcing Plaintiff to hire an attorney is off base. As per the consent order filed to stay the foreclosure sale, Defendant agreed to stay any sale. As Plaintiff sufficiently explained, the only damages is pursuant to attorneys fees to file this lawsuit and to defend the foreclosure case, which alone does not support damages under FDCPA and MCDCA.

Section 2605(f) of RESPA requires that to bring an action under this section a plaintiff must incur actual damages. Absent a showing of actual damages, Plaintiffs do not have standing to bring a claim under Section 2605(f). *Hutchinson v. Delaware Sav. Bank FSB*, 410 F.Supp.2d 374, 383 (D.N.J. 2006) "[A]lleging a breach of RESPA duties alone does not state a claim under RESPA. Plaintiffs must, at a minimum, also allege that the breach resulted in actual damages." *Ward v. Sec. Atl. Mortgage Elec. Registration Sys., Inc.*, 858 F.Supp.2d 561, 575 (E.D.N.C. 2012).

It is not disputed that the foreclosure sale previously set for February 5, 2015, was in fact cancelled. Plaintiffs failed to allege that there was an actual foreclosure sale date violating the statute of fear of loss of their home or eviction is misplaced.

The relevant code section under Maryland Code § 14-202(8) states as follows:
§ 14-202 (8). Certain acts prohibited.
 "In collecting or attempting to collect an alleged debt a collector may not:
 (8) Claim, attempt, or threaten to enforce a right with knowledge that the
right does not exist"
The MCDCA is not a strict liability statute. It requires the Plaintiffs to demonstrate that the debt collector had "knowledge" that the claims it asserted did not exist. *Spencer v. Hendersen-Webb, Inc.*, 81 F. Supp. 2d 582 (D. Md. 1999).

The Complaint is not sufficiently pled to support a violation of MCDCA of reckless disregard of falsity of information as to Defendant because there is no dispute that Plaintiff is actually in default of the subject mortgage loan and has failed to make her mortgage payments since 2011.  None of the alleged misinformation is relevant to the underlying undisputed fact which is that Plaintiff has a right to foreclose on a mortgage loan.  Despite any of the alleged misrepresentation, those misrepresentations, even if true, do not negate or affect Plaintiff's right to foreclose.

The initiation and continuation of a foreclosure action stems from the Mortgage Loan and Plaintiffs' default.  Plaintiffs do not dispute that they did take out a Mortgage Loan by signing the Note and Deed of Trust and have defaulted on the payment obligations.

In support of the MCDCA claim Plaintiff is required to demonstrate that the debt collector had "knowledge" that the claims it asserted *did not* exist.  *Spencer v. Hendersen-Webb, Inc*., 81 F. Supp. 2d 582 (D. Md. 1999).  Plaintiff not only failed to demonstrate this, but Plaintiff does not dispute the fact that Plaintiff is in default of the subject mortgage loan that does exist. Any alleged miscalculations or misidentifications of creditors are irrelevant if Plaintiff never relied on those alleged misrepresentations to pay off the amount owed by sending the payment to the allegedly wrongfully identified servicer or creditor.  In this case, Plaintiff has failed to allege any reliance on the alleged mispresentations causing Plaintiff any actual damages.

### III. CONCLUSION

Plaintiffs have failed to state any claim, which would entitle them to the relief sought in the Complaint and therefore the Complaint should be dismissed.

WHEREFORE, the Defendant respectfully requests that this Honorable Court grant its Motion to Dismiss Count I, II, and III of the Amended Complaint, award attorneys' fees and costs, and grant such further relief that this Court deems appropriate.

        Respectfully submitted,

        /s/ Rita Ting-Hopper
        Rita Ting-Hopper, Esq.
        MD Bar # 15541
        Atlantic Law Group
        1602 Village Market Blvd, SE, Suite 310
        Leesburg, VA  20175
        Phone:  (703) 777-7101
        Fax:  (703) 940-9119
        rhopper@atlanticlawgrp.com
        *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 2nd day of November, 2015, a copy of the foregoing *Defendant, Rushmore Loan Management Services, LLC's, Response to Plaintiffs' Opposition to Defendant's Motion to Dismiss Plaintiffs' Amended Complaint* was electronically filed and sent via Regular U.S. Mail, postage prepaid to:

**COUNSEL FOR PLAINTIFFS**
Shikha Parikh, Esquire
Paradigm Law, P.L.C.
10615 Judicial Drive, Suite 403
Fairfax, Virginia 22030

        /s/ Rita Ting-Hopper
        Rita Ting-Hopper, Esq.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

| | | |
|---|---|---|
| STERLING LINDSAY, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.: 8:15-cv-1031 |
| | ) | |
| v. | ) | |
| | ) | |
| RUSHMORE LOAN MANAGEMENT SERVICES, LLC. | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

UPON CONSIDERATION of Defendant's Motion to Dismiss Plaintiffs' Amended Complaint, and any objections thereto, it is hereby

ORDERED THAT Defendant's Motion to Dismiss Plaintiffs' Amended Complaint is **GRANTED**;

ORDERED THAT Count I for violation of the Real Estate Settlement Procedures Act is **DISMISSED;**

ORDERED THAT Count II for violation of the Fair Debt Collection Practices Act is **DISMISSED;**

ORDERED THAT Count III for violation of the Maryland Consumer Debt Collection Act is **DISMISSED.**

_____
Judge, U.S. District Court for the District of Maryland