**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |
|---|---|
| STERLING LINDSAY et al., | * |
| Plaintiffs, | * |
| v. | * Case No.: PWG-15-1031 |
| RUSHMORE LOAN MANAGEMENT, SERVICES, LLC | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Sterling Lindsay and Rachel Lindsay (collectively, the "Lindsays") have brought a four-count amended complaint[1] against Defendant Rushmore Loan Management Services, LLC ("Rushmore"), alleging claims related to the foreclosure proceedings on their property and related debt collection. Rushmore has filed a motion to dismiss with respect to Counts I, II, and III only.[2] Because Rushmore's argument that no foreclosure sale was set, that any such sale was voluntarily cancelled, and that the Lindays failed to allege actual damages is contradicted by the allegations in their amended complaint, Rushmore's motion to dismiss with respect to Count I: violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, is denied. Because Rushmore completely fails to explain why it is not a debt collector in its filings, Rushmore's motion to dismiss with respect to Count II: liability

---

[1] Plaintiffs' original complaint, ECF No. 1, was superseded by an amended complaint, ECF No. 10, confusingly captioned as a "complaint" rather than as an "amended complaint." I will refer to ECF No. 10 as the "amended complaint."

[2] The Lindsays have filed an opposition, Opp'n, ECF No. 14, and Rushmore has filed a reply, Reply, ECF No. 17. The motion to dismiss is ripe for review. A hearing is unnecessary in this case. *See* Loc. R. 105.6.

under the Fair Debt Collection Practice Act ("FDCPA"), 15 U.S.C. § 1692a, is denied. Finally, because the Lindays have pleaded sufficient facts that Rushmore made claims and attempted to enforce them knowing that these rights did not exist, Rushmore's motion to dismiss with respect to Count III: violation of the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code § 14-201 *et seq.*, is denied.

## I. DISCUSSION

The Lindsays have pleaded the factual basis for their claims in some detail, but I will only discuss those facts relevant to the pending motion to dismiss. "On or about January 17, 2007, Plaintiffs entered into a financial transaction to refinance their Property's mortgage, and executed a Deed of Trust as security against the Property." Am. Compl. ¶ 14, ECF No. 10. Rushmore currently serves as the loan servicer for this mortgage. *Id.* ¶ 16. The Lindays brought this case against Rushmore for certain actions that Rushmore took while servicing the loan and acting as a debt collector, which will be discussed in more detail below with respect to the counts that Rushmore has moved to dismiss.

### A. Standard

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). This rule's purpose "'is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)). To that end, the Court bears in mind the requirements of Fed. R. Civ. P. 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), when considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must

contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79.  *See Velencia*, 2012 WL 6562764, at *4 (discussing standard from *Iqbal* and *Twombly*).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  I must accept the facts as alleged in Plaintiffs' complaint as true.  *See Aziz v. Alcolac*, 658 F.3d 388, 390 (4th Cir. 2011).

When reviewing a motion to dismiss, "[t]he court may consider documents attached to the complaint, as well as documents attached to the motion to dismiss, if they are integral to the complaint and their authenticity is not disputed." *Sposato v. First Mariner Bank*, No. CCB-12-1569, 2013 WL 1308582, at *2 (D. Md. Mar. 28, 2013); *see CACI Int'l v. St. Paul Fire & Marine Ins. Co.*, 566 F.3d 150, 154 (4th Cir. 2009); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").  Moreover, where the allegations in the complaint conflict with an attached written instrument, "the exhibit prevails." *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991); *see Azimirad v. HSBC Mortg. Corp.*, No. DKC-10-2853, 2011 WL 1375970, at *2–3 (D. Md. Apr. 12, 2011).  If the documents that the Court considers exceeds this scope, the Court must treat the motion as a motion for summary judgment.  Fed. R. Civ. P. 12(d); *Syncrude Canada Ltd. v. Highland Consulting Group, Inc.*, 916 F. Supp. 2d 620, 623 (D. Md. 2013).  In considering Rushmore's motion to dismiss, I have only looked at those exhibits attached to the Lindsays' pleadings or those exhibits attached to the parties' filings with respect to this motion that are integral to the amended complaint and whose authenticity has not been disputed.

B. **Count I: Violations of RESPA**

The amended complaint is not a model of clarity, but it appears that the Lindsays are alleging several violations of RESPA with respect to Rushmore's failure "to follow certain guidelines during the pendency of Defendant's loss mitigation review." Am. Compl. ¶ 82. Rushmore moves to dismiss these claims arguing that (i) "the foreclosure sale previously set for February 5, 2015, was in fact cancelled" and (ii) in any event, the Lindsays "failed to allege or assert actual damages." *See* Def.'s Mot. 7.

> 12 C.F.R § 1024.41(g) provides
>
> If a borrower submits a complete loss mitigation application after a servicer has made the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process but more than 37 days before a foreclosure sale, a servicer shall not move for foreclosure judgment or order of sale, or conduct a foreclosure sale, unless [certain conditions not present are satisfied].

At various times, Rushmore argues that there was no foreclosure sale set, *see* Def.'s Mot. 7, but this statement is contradicted in the same paragraph that "the foreclosure sale previously set for February 5, 2015, was in fact cancelled." *Id.* This argument therefore makes no sense. As alleged in the Lindsays' amended complaint, the only reason why the sale was cancelled was because Plaintiffs requested and received an emergency stay. Am. Compl. ¶¶ 35–37.

RESPA provides for recovery of "any actual damages to the borrower as a result of the failure" to follow its requirements. *See* 12 U.S.C. § 2605(f). Rushmore argues that the Lindsays have failed to allege or assert actual damages, *id.*, and state that "Plaintiff did not allege a claim for emotional distress and therefore cannot now argue damages under emotional distress if such cause of action is not pled in the Amended Complaint." Opp'n 1. However, the Lindsays *did* allege actual damages in the form of emotional distress twice in with respect to this count. *See* Am. Compl. ¶¶ 94–95. Emotional distress has been recognized as actual damages with respect to RESPA claims. *See Carter v. Countrywide Home Loans, Inc.*, No. 3:07CV651, 2009 WL

4

1010851, at *5 (E.D. Va. Apr. 14, 2009). For these reasons, Rushmore's motion to dismiss with respect to Count I is denied.

### C. Count II: Liability under FDCPA

Rushmore moves to dismiss the Lindsays' FDCPA claim by arguing that it "is not a debt collector and thus is not subject to the FDCPA." Def.'s Mot. 8. A debt collector is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The term "debt collector" does not include

> any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

*Id.* at § 1692a(6)(F). Rushmore argues that it is "the holder of the note and the servicer of the loan at issue." Def.'s Mot. 8. Rushmore does little more than quote the text of the statute in arguing that it is not subject to the FDCPA and fails to address this issue in any additional detail in its reply. *See* Def.'s Mot. 8; Reply 1. I will not guess as to why Rushmore believes that it is not subject to the FDCPA.[3] Accordingly, Rushmore's motion to dismiss with respect to Count II is denied.

---

[3] Plaintiffs have read Rushmore's motion as arguing that Rushmore falls under the exception for a debt collector because the collection activities "(iii) concerns a debt which was not in default at the time it was obtained by such person." *See* Opp'n 5–6; 15 U.S.C. § 1692a(6)(F). From the filings, it is not clear that Rushmore is making this argument. However, even if Plaintiffs have guessed Rushmore's argument correctly, I would still deny Rushmore's motion to dismiss. Plaintiffs have alleged that "[i]n August, the same time Mr. Lindsay was declared in default, the servicing of the loan was transferred to Defendant Rushmore. As such, the mortgage was declared to be in default when Rushmore acquired the

5

**D. Count III: Violation of MCDCA**

Under Md. Code, Comm. Law § 14-202,

> [i]n collecting or attempting to collect an alleged debt a collector may not: . . . (3) Disclose or threaten to disclose information which affects the debtor's reputation for credit worthiness with knowledge that that information is false; . . . [or] (8) Claim, attempt, or threaten to enforce a right with knowledge that the right does not exist.

Plaintiffs allege violations under § 14-202(8) "by claiming a grossly inaccurate amount due and identifying that it was collecting a debt on behalf of a party that had no legal right to the debt in its Notice of Intent to Foreclose." Am. Compl. ¶ 108.[4] Specifically, Plaintiffs assert that Rushmore claimed an amount due of $100,656.57 and $102,807.36, *id.* ¶ 56 & 57, when the maximum amount due was $57,242.82, *id.* ¶ 58, and later claimed an amount due of $115,081.68, *id.* ¶ 60, when the maximum amount due was $87,370.62, *id.* ¶ 61. Further, Plaintiffs claim that Rushmore incorrectly identified who was the owner of the debt. *See id.* ¶ 67 & 68.

Plaintiffs therefore are alleging that Rushmore's claims for an amount in excess of the actual amount due and its identification of inconsistent owners of the debt constitute assertions of rights that did not exist. These claims are sufficient to survive Rushmore's motion to dismiss as Rushmore would have no right to collect sums in excess of what is owed. Nor would I be entitled to enforce rights on behalf of a party that did not own the debt. Further, Plaintiffs have alleged facts sufficient to infer that Rushmore "had actual knowledge that their asserted claims were invalid or acted with reckless disregard as to the validity of the claims," *see Spencer v.*

---

loan servicing." Am. Compl. ¶ 54. As a result, Rushmore would not fall under the exclusion (iii) in 15 U.S.C. § 1692a(6)(F).

[4]  Plaintiffs allege violations under § 14-202(8) only in their amended complaint, *see* Am. Compl. ¶¶ 106–10, although they reference another alleged violation under subsection § 14-202(3) in their opposition, *see* Opp'n 6. Because only the violation of § 14-202(8) is contained in their amended complaint, any arguments supporting a possible violation of § 14-202(3) have been treated as arguments supporting a violation of § 14-202(8).

*Hendersen-Webb, Inc.*, 81 F. Supp. 2d 582, 595 (D. Md. 1999), namely that Rushmore needed only to review the filings in the related bankruptcy proceeding and its own records to know that such claims were false.

## II. CONCLUSION

For the reasons stated above, I will DENY Rushmore's motion to dismiss.

## ORDER

Accordingly, it is this 25th day of March, 2016, hereby ORDERED that Rushmore's motion to dismiss, ECF No. 11, is DENIED. Rushmore is ORDERED to file an answer in response to Plaintiffs' amended complaint by April 18, 2016.

So ordered.

                                            /S/
                                    Paul W. Grimm
                                    United States District Judge

dpb