IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |  |
|---|---|---|
| **STERLING LINDSAY *et al.*,** | * | |
| Plaintiffs, | * | |
| v. | * | Case No.: PWG-15-1031 |
| **RUSHMORE LOAN MANAGEMENT, SERVICES, LLC,** | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

While facing foreclosure in an action filed in state court,[1] Plaintiffs Sterling Lindsay and Rachel Lindsay (collectively, the "Lindsays") filed suit against Defendant Rushmore Loan Management Services, LLC ("Rushmore"). ECF No. 1. As amended, their complaint alleges that Rushmore, in its debt collection efforts with regard to the Lindsays' mortgage loan, violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*; the Fair Debt Collection Practice Act ("FDCPA"), 15 U.S.C. § 1692a; and the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code § 14-201 *et seq.* ECF No. 10.[2] Rushmore moved to dismiss for failure to state a claim, but the Lindsays' Amended Complaint withstood the challenge. ECF No. 18.

---

[1] The Maryland Judiciary Case Search website, http://casesearch.courts.state.md.us/casesearch/inquirySearch.jis, the contents of which I judicially notice, Fed. R. Civ. P. 201, 803(8)(a)(i), 901(b)(5), establishes that the foreclosure action with regard to the Plaintiffs' Property still is pending in the Circuit Court for Charles County.

[2] Plaintiffs voluntarily dismissed their claim against Defendant Atlantic Law Group, LLC, ECF Nos 4, 8, and amended their complaint, ECF No. 10.

Rushmore filed the pending Second Motion to Dismiss, contending that "[t]he Court should abstain from exercising subject matter [jurisdiction] over this matter under the [*Younger v. Harris*, 401 U.S. 37 (1971)] doctrine of abstention because there is a pending parallel state court foreclosure action."  Def.'s Second Mot. 1, ECF No. 33; *see* Def.'s Mem. 3, ECF No. 34.[3] Yet, causes of action for damages, such as Plaintiffs', may be stayed but not dismissed on *Younger* abstention grounds.  *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 721 (1996). And, because it is not clear that an order of foreclosure presents the "exceptional circumstances" necessary to "justify a federal court's refusal to decide a case in deference to the States" under *Younger*, I will not stay the case.  *See New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350 (1989).  Accordingly, I will deny Rushmore's motion.

## The *Younger* Abstention Doctrine

This Court has federal question jurisdiction over Plaintiffs' claims for damages, *see* 28 U.S.C. § 1331; Civil Cover Sheet, ECF No. 1-1.  "The Supreme Court has repeatedly instructed that 'federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress.'"  *Martin v. Stewart*, 499 F.3d 360, 363 (4th Cir. 2007) (quoting *Quackenbush*, 517 U.S. at 716).  Indeed, it "is well recognized that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction," even if the proceedings "may appear to result in a duplication of judicial resources."  *Ackerman v. ExxonMobil Corp.*, 734 F.3d 237, 248 (4th Cir. 2013) (quoting *McLaughlin v. United Va. Bank*, 955 F.2d 930, 934 (4th Cir. 1992) (internal quotation marks and alteration omitted)).

---

[3] The parties fully briefed the motion.  ECF Nos. 34, 36, 37, 38.  A hearing is not necessary.  *See* Loc. R. 105.6.

"[E]xtraordinary and narrow exception[s]" exist, however, in which a federal court may decline to exercise jurisdiction based on the pendency of a related state court proceeding. *See id.*; *Quackenbush*, 517 U.S. at 716–18, 728. Abstention is appropriate "when 'principles of federalism and comity' outweigh the federal interest in deciding a case." *Ackerman*, 734 F.3d at 248 (quoting *Quackenbush*, 517 U.S. at 716, 728). "To cabin that discretion and ensure that abstention 'remains the exception, not the rule,' the Supreme Court has 'carefully defined . . . the areas in which such abstention is permissible.'" *Id.* (quoting *New Orleans Pub. Serv., Inc. v. Council of New Orleans,* 491 U.S. 350, 359 (1989) ("*NOPSI*") (internal quotation marks omitted)).

It is true that, as Rushmore notes, federal circuit and district courts, including this Court, have relied upon the doctrine of abstention articulated in *Younger v. Harris*, 401 U.S. 37 (1971), as a basis for the dismissal of cases concerning real property interests when the property at issue is the subject of ongoing foreclosure proceedings in state court. *E.g.*, *Dorsey v. Clarke*, No. WMN-15-3506 (D. Md. filed Aug. 10, 2016), Jt. Ex. 3, ECF No. 34-1, at 31–38; *see Tucker v. Specialized Loan Servicing, LLC*, 83 F. Supp. 3d 635, 643–44 (D. Md. 2015) (collecting cases). Like other circuits, the Fourth Circuit has stated that the *Younger* abstention doctrine

> requires a federal court to abstain from interfering in state proceedings, even if jurisdiction exists, if there is: (1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit.

*Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 165 (4th Cir. 2008). Additionally, the Fourth Circuit and other circuits have held that "property law concerns, such as land use and zoning questions, are frequently 'important' state interests justifying *Younger* abstention." *Harper v. Pub. Serv. Comm'n of W. Va.*, 396 F.3d 348, 352 (4th Cir. 2005).

However, as I observed in *Tucker*, 83 F. Supp. 3d at 644,[4] "*Sprint Communications, Inc. v. Jacobs*, 134 S. Ct. 584 (2013), casts doubt on the earlier circuit court analyses that led district courts to rely on *Younger* to abstain from considering cases such as this one." The *Sprint* Court "sought to provide guidance on the limited scope of *Younger*" so that courts would not consider the three factors from *Middlesex County Ethics Committee v. Garden State Bar Association,* 457 U.S. 423, 432 (1982), outside of "'their quasi-criminal context'" and, as a result, erroneously "'extend *Younger* to virtually all parallel state and federal proceedings.'" *Tucker*, 83 F. Supp. 3d at 644–45 (quoting *Sprint*, 134 S. Ct. at 593). To that end, the Supreme Court cautioned the lower courts that "the three factors from *Middlesex* 'were not dispositive; they were, instead, *additional* factors appropriately considered by the federal court before invoking *Younger*.'" *Id.* (quoting *Sprint*, 134 S. Ct. at 593).

> The Supreme Court observed that it had "review[ed] and restate[d] [its] *Younger* jurisprudence in *New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350 (1989) ("*NOPSI*"), in which it "reaffirmed" that "'only exceptional circumstances justify a federal court's refusal to decide a case in deference to the States.'" *Sprint*, 134 S. Ct. at 591 (quoting *NOPSI*). The *NOPSI* Court identified "three types of proceedings" in which "[t]hose

---

[4] Rushmore overlooked this analysis in its Memorandum and, in response to Plaintiffs' reliance on *Tucker* in their Opposition, Rushmore asserts:

> Although Defendants are aware of the Supreme Court's decision in *Sprint Communications, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (U.S. 2013) and the Maryland District Court's decision in *Tucker v. Specialized Loan Servicing, LLC*, 83 F.Supp.3d 635, 643 (D. Md. 2015), recent Federal District Court decisions in the 4th Circuit have applied the abstention doctrine when there is an ongoing state foreclosure action. In light of this Court's recent decision in *Dorsey v. Clarke*, 2016 U.S. Dist. LEXIS 105320 (Dist. Md. 2016) and other decisions by Federal District Courts in the 4th Circuit, Defendants believes that dismissal of this action under the abstention doctrine may be appropriate.

Def.'s Reply 3. I note that none of the cases Rushmore cites is binding on this Court. Additionally, in *Dorsey*, "Plaintiffs . . . offered no argument in their Opposition as to why this Court should not abstain under Younger," and the Court's *Younger* analysis was a brief, alternative resolution to its primary disposal of the claims as barred by the doctrine of collateral estoppel. *Dorsey* Mem. 6–7. I rely instead on the extensive analysis provided in *Tucker*.

> 'exceptional circumstances' exist": (1) "ongoing state criminal prosecutions," (2) "certain 'civil enforcement proceedings,'" and (3) "pending 'civil proceedings involving certain orders ... uniquely in furtherance of the state courts' ability to perform their judicial functions,'" and the *Sprint* Court held that those "'exceptional' categories . . . define *Younger's* scope." *Sprint*, 134 S. Ct. at 591 (quoting *NOPSI*, 491 U.S. at 368).

*Tucker*, 83 F. Supp. 3d at 645. Cases in the second category "generally concern[] state proceedings 'akin to a criminal prosecution' in 'important respects,'" where, typically, the "actions are . . . initiated to sanction the federal plaintiff." *Sprint*, 134 S. Ct. at 592 (quoting *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604 (1975)). Cases in the third category generally involve a state's contempt process or a state court's efforts to enforce its own order or judgment. *Id.* at 591 (citing *Juidice v. Vail*, 430 U.S. 327 (1977); *Pennzoil v. Texaco Inc.*, 481 U.S. 1 (1987)).

In *Tucker*, I discussed three district court opinions in which the courts "considered the applicability of *Younger* in the foreclosure context post-*Sprint*." 83 F. Supp. 3d at 645–46. In *Brumfiel v. U.S. Bank, N.A.*, the court concluded that *Younger* did not apply because "neither of the first two categories applies to the Foreclosure Proceeding, and although it [was] not clear whether it involve[d] 'certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions,' neither party ha[d] provided any support for such a finding." No. 14-2453-WJM, 2014 WL 7005253, at *3 (D. Colo. Dec. 11, 2014) (quoting *Sprint*, 134 S. Ct. at 592). In *Carrier v. Bank of Am., N.A.*, Nos. 12–104 RMB/JS, 12–7702 RMB/JS, 12–7755 RMB/JS, 12–7701 RMB/JS, 12–7945 RMB/JS, 12–7946 RMB/JS, 12–7947 RMB/JS, 12–7949 RMB/JS, 12–7948 RMB/JS, 2014 WL 356219, at *9–10 (D.N.J. Jan. 31, 2014), the court relied on *Sprint* to deny the defendant's motion to dismiss, on *Younger* grounds, the claims by plaintiffs with pending foreclosure actions in state court. Finally, in *Lech v. Third Federal Savings & Loan Association of Cleveland*, No. 13-518, 2013 WL 6843062, at *1–2 (S.D. Ohio Dec. 27,

2013), the magistrate judge recommended against *Younger* abstention where the plaintiff sought damages for RESPA and other statutory violations. She reasoned that the foreclosure case was not a criminal proceeding and did not resemble one, and "going forward in th[e] matter [would] not interfere with the Ohio court's ability to perform its judicial function."

Here, as was the case in *Tucker*, "the ongoing state court proceeding certainly is neither a criminal proceeding nor akin to one; if anything, it mirrors contract litigation." 83 F. Supp. 3d at 646. A finding that Rushmore violated state or federal statutory law in its collection actions leading to the foreclosure action certainly could interfere with the enforcement of a foreclosure order and "challenge the very process by which [the order was] obtained." *Pennzoil*, 481 U.S. at 13. But, as I noted in *Tucker*, "it is not clear that an order of foreclosure is 'uniquely in furtherance of the state court['s] ability to perform [its] judicial function[]," or that these are the 'exceptional circumstances' in which to exercise this discretion." 83 F. Supp. 3d at 647 (quoting *Sprint*, 134 S. Ct. at 591 (quoting *NOPSI*, 491 U.S. at 368)). Moreover, even if exceptional circumstances were present, this Court only could stay, but not dismiss, on *Younger* abstention grounds, because the Lindsays seek damages and not declaratory relief. *See Quackenbush*, 517 U.S. at 721. Therefore, I will neither dismiss nor stay Plaintiffs' claims for damages on *Younger* abstention grounds. *See Sprint*, 134 S. Ct. at 591; *NOPSI*, 491 U.S. at 368; *Brumfiel*, 2014 WL 7005253, at *3; *Carrier*, 2014 WL 356219, at *9–10; *Lech*, 2013 WL 6843062, at *1–2.

Indeed, Rushmore stated in its Reply that it "will concede to have this Court maintain jurisdiction as long as Plaintiffs do not try to use this proceeding to interfere with the state's foreclosure proceeding." Def.'s Reply 4. Noting that as of October 17, 2016, when it filed its Reply, "the foreclosure proceeding [was] ongoing with a pending foreclosure sale," Rushmore "suggest[ed] that the pending Motion to Dismiss pursuant to the *Younger* Doctrine be stayed or

abstained until after the Foreclosure Sale in the State Court is completed." *Id.* at 4–5.  Then, after completion of the sale, if the Lindsays had not brought "any injunctive request in the state court due to this pending federal case," Rushmore would "agree[] to have this Court maintain jurisdiction for this case." *Id.* at 5.  I note that the state court docket now includes December 27, 2016 entries for a Trustees' Report of Sale, a Notice of Foreclosure Sale Affidavit, an Auctioneer's Affidavit, and a Purchaser's Affidavit, as well as a Certification of Publication of Sale.  Thus, although the case remains open in state court and the parties have not apprised this Court of the status of the state court proceedings, it appears that Rushmore should not have any objections to this case proceeding.

## **ORDER**

Accordingly, it is this <u>17th</u> day of <u>January</u>, <u>2017</u>, hereby ORDERED that Defendant's Second Motion to Dismiss, ECF No. 33, IS DENIED.  This case will proceed to trial, which is scheduled to begin May 23, 2017.  ECF No. 45.  Defendant's Motion for Summary Judgment, ECF No. 46, remains pending.

/S/
Paul W. Grimm
United States District Judge

lyb